# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SNIDER TIRE, INC.** <br> **D/B/A SNIDER FLEET SOLUTIONS** <br><br> **Plaintiff,** <br><br> vs. <br><br> **TIMOTHY CHAPMAN and** <br> **SOUTHERN TIRE MART L.L.C.,** <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> )    **CASE NO.: 2:20-cv-01775-AMM** <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFF'S MEMORANDUM
## IN SUPPORT OF MOTION FOR RECONSIDERATION

On April 27, 2021, the Court denied Plaintiff Snider Tire, Inc.'s Motion for Preliminary Injunction without a hearing and *sua sponte* raised alleged delay by Snider in seeking such relief as grounds for denial. Snider respectfully submits that the Court acted without the opportunity to fully consider the reasons behind the timing of the motion. That is, neither party briefed the issue. Accordingly, Snider files this motion to more fully apprise the Court of all underlying facts as to the timing of the motion and requests that the Court reconsider its *sua sponte* ruling. Upon reconsideration, Snider requests the Court withdraw its prior opinion denying the motion, consider the substance of Plaintiff's request for preliminary injunctive relief, and grant Plaintiff's request for preliminary injunctive relief.

1

I.      **LAW AND ARGUMENT**

   A.      **The Court Has the Authority to Reconsider Its Denial of Plaintiff's Motion.**

It is well-settled that the power to reconsider orders is vested within the discretion of the District Court. As explained in *Opinion Corp. v. Roca Labs, Inc.*, 312 F.R.D. 663, 671 (M.D. Fla. 2016):

> Federal Rule of Civil Procedure 59(e) gives the Court "broad discretion to reconsider an order which it has entered." *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F.Supp.2d 1316, 1331 (M.D. Fla. 1999)." There are three grounds that justify granting a motion to alter or amend judgment: 1) an intervening change in controlling law; 2) the availability of new evidence; or 3) the need to correct clear error or prevent manifest injustice. *Id.* "A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 684 (M.D. Fla. 1996). While a Rule 59(e) motion is "not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision," such a motion is appropriate "when the court has patently misunderstood a party and has made a decision outside the adversarial issues presented, or has made a mistake, not of reasoning, but of apprehension." *Id.* at 686. Ultimately, "[t]he decision of whether to grant or deny a Rule 59(e) motion is discretionary." *Id.*"

*Opinion Corp. v. Roca Labs, Inc.*, 312 F.R.D. 663, 671 (M.D. Fla. 2016). *See also Lussier v. Dgger*, 904 F.2d 661, 667 (11th Cir. 1990).

In the present case, Snider submits that the Court's denial of its requested relief is based on a "mistake … of apprehension." Particularly, the Court was unaware of Plaintiff's attempts to have a hearing set well before January 6, 2021. Review of Plaintiff's actions illustrates the propriety of reconsideration.

**B.     Plaintiff Has Been Afforded No Opportunity to Address the Issues of Delay Underlying the Court's Order**

Defendant's Opposition to Plaintiff's Motion for Preliminary Injunctive Relief did not argue that Plaintiff had delayed in seeking Preliminary Injunctive Relief nor that the purported delay destroyed the inference of irreparable harm resulting from his breach of the non-competition agreement.[1] The purported delay and its impact on the necessary showing of irreparable harm was raised *sua sponte* by the Court. It is submitted that while not applicable to a request for Preliminary Injunctive Relief, the principal of Rule 56(f) that a court may not act *sua sponte* without giving a party an opportunity to be heard is instructive. Here Plaintiff has had no opportunity to respond to the assertion that it delayed in seeking a hearing.

The Court's order is premised on the conclusion that Plaintiff delayed in filing this action, delayed in seeking service, and did not seek a hearing on its request for preliminary injunctive relief until January 6, 2021.[2]  These conclusions, however, rely on incomplete information. The following time line shows the efforts Plaintiff undertook to enforce the Agreement, to move this case forward expeditiously, and that the delays were not of Plaintiff's making.

- October 2, 2020 – Chapman resigns his employment.[3]

- October 5, 2020 – Snider mails notice of its intention to enforce the non-competition agreement.[4]

- October 20, 2020 – Snider's counsel sends Chapman a cease and desist letter seeking a response by October 26, 2020.[5]

---

[1] Docket No. 20. Chapman only addressed irreparable harm in relation to Plaintiff's theft of trade secrets allegations. See p. 15.
[2] Docket No. 30, p. 12.
[3] Exhibit A.
[4] Exhibit B.
[5] Exhibit C.

- October 27, 2020 – Counsel for Mr. Chapman notifies Plaintiff of his representation and seeks additional time to respond to the substance of the letter.[6]

- October 30, 2020 – Counsel for Snider advises counsel for Chapman that time is of the essence.[7]

- October 30, 2020 – Counsel for Chapman responds with his opinions on the validity of the agreement refusing to comply.[8]

- November 9, 2020 – Snider files suit.[9]

- November 10, 2020 – Snider emails a copy of the filed Complaint to counsel for Chapman.[10]

- November 10, 2020 – Snider mails Summons to the Clerk for completion.[11]

- November 10 – 25 – Counsel continue to engage in discussions of the merits and discuss how to best move forward with the hearing including proposed stipulations.[12]

- November 24, 2020 – Completed summons for Chapman received from court by Snider. Snider immediately requests counsel for Chapman advise if he is willing to accept service.[13]

---

[6] Exhibit D.
[7] Exhibit E.
[8] Exhibit F.
[9] Docket No. 1. Note that this was six business days following Mr. Waudby's letter. During that time, counsel had to interview witnesses, research issues raised by Mr. Waudby, research various causes of action and determine if they were valid, and prepare a complaint. While this work could have been completed prior to Mr. Waudby's response, it would be impractical and inefficient to run up a large legal bill while trying to amicably resolve a matter short of litigation.
[10] Exhibit G.
[11] Exhibit H.
[12] Exhibit I.
[13] Exhibit J.

- November 25 – In anticipation of service being perfected, Snider, through counsel's assistant, contacts the court for hearing dates so that it may set the request for relief for hearing. The court responds that no hearing will be set until the Defendant appears/answers.[14]

- December 4, 2020 – Counsel for Chapman agrees to accept service. Service is completed the same day.[15]

- December 21, 2020 – Defendants Answer and file Motions to Dismiss.[16]

- December 21, 2020 – Plaintiff contacts the court to obtain a hearing date.

- December 22 – 2020 – The court responds that a status conference is set for January 6, 2021 that must be held before the court will schedule a hearing.[17]

- January 6, 2021 – In conjunction with the status conference, Plaintiff files its Motion for Preliminary Injunction and a hearing date is set.[18]

In sum, Snider, after learning that Mr. Chapman was working for its competitor, spent three weeks trying to resolve the matter short of litigation. When those efforts failed, it filed suit six business days later.

Following good faith pre-litigation efforts, any delay in seeking the injunction following suit was not occasioned by Plaintiff. Rather, it was associated with delays required for return of the summons and time waiting for Chapman's counsel to confirm he could accept service, although he had a copy of the Complaint 24 days earlier on November 10. Even upon completion of service, however, Plaintiff's attempts to immediately seek a preliminary injunction ran into obstacles not

---

[14] Exhibit K.
[15] Exhibit L and M.
[16] Docket No. 10 and 12.
[17] Exhibit N.
[18] Docket No. 17 and 1/6/2021 Minute Entry.

of its own making. Rather, Plaintiff was advised by Court personnel that it could not have a hearing date until the suit was answered. When the answer was filed, and Plaintiff again sought to set the matter for hearing, Court personnel advised it could not do so until the status conference was held. By that time, Plaintiff had been trying to set a hearing for six weeks.[19]

On February 9, 2021, the Court cancelled the hearing. While Plaintiff does not know why the Court took this action, that too impacted its ability to present its case. Plaintiff intended to present witnesses and evidence at the hearing. That testimony and evidence would have provided the factual support for all elements of its request including irreparable injury. For this reason, it did not submit affidavits with its motion. If the Court believed evidence was necessary on the issue of irreparable injury, then Plaintiff should have been allowed the opportunity to present its evidence.

Certainly, it would be bad public policy to punish litigants such as Snider for its pre-litigation attempts at amicable resolution. Moreover, taking time spent following suit into account under these circumstances would encourage inefficient, contentious litigation. Thus, if left to stand as is, the greater import of the Court's decision is how it will impact litigants who try to resolve matters rather than rushing to court and who when in court, try to work with opposing counsel to create efficiencies. Plaintiffs seeking injunctive relief will be obligated to seek TRO's in every instance, an expensive process requiring an immediacy that disrupts courts', parties', and their counsel's schedules for fear of what happened here, a delay beyond their control that undermines their right to relief. Plaintiffs will invest significant fees in initiating court proceedings and so be

---

[19] Admittedly, Plaintiff could have filed its motion at any time even if it were not afforded a motion setting at the time of filing. However, the Federal Rules do not require that a plaintiff seeking a preliminary injunction file a separate motion. Nor could counsel identify any local rules or standing orders requiring such. *See e.g.,* Local Rule 65.1 of the Western District of Louisiana requiring requests for injunctive relief be made by separate motion. In the absence of such a rule, the request made in the Complaint itself should have been sufficient to support the setting of an evidentiary hearing upon giving proper notice to Defendant. Federal Rule of Civil Pro. 65.

less inclined to try to resolve cases to realize cost savings. Given this, Snider should not be punished for its good faith efforts to resolve the matter short of Court intervention and to work with opposing counsel.

Overall, even if the Court should conclude in light of the above that how Plaintiff prosecuted this action suggests irreparable harm does not exist, Plaintiff requests the Court consider a countervailing fact also extraneous to the substance of the harm. That is, Plaintiff was convinced enough of the harm it would suffer if Chapman were allowed to continue to work for its competitor that it undertook the cost and expense of filing a lawsuit to stop it. That fact should weigh at least as heavily in support of finding irreparable harm as the delays weigh against it.

## II. CONCLUSION

The Court's *sua sponte* ruling that Plaintiff did not act aggressively enough in pursuing the relief it sought thereby undermining the assertion of irreparable harm should be reconsidered and reversed in light of the information submitted herewith. Wherefore, Plaintiff prays the Court reconsider its April 27, 2021 ruling, consider the substance of Plaintiff's request for preliminary injunctive relief, and grant Plaintiff's request for preliminary injunctive relief.

Done this 28th day of April, 2021.

Respectfully submitted,

 */s/ Edward F. Harold*
EDWARD F. HAROLD
AL Bar No. asb-0669-d55h
FISHER & PHILLIPS LLP
201 St. Charles Avenue, Suite 3710
New Orleans, LA  70170
Telephone: 504-522-3303
Facsimile:  504-529-3850

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the forgoing "Plaintiff's Motion for Reconsideration for Preliminary Injunctive Relief" with the Clerk of Court using the ECF-System which sent notification of same to the following:

William Waudby
3348 Peachtree Rd. NE
Suite 1400
Atlanta, GA 30326

DATED this 28th day of April, 2021.

*s/Edward F. Harold*
EDWARD F. HAROLD